[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-14841
_____

D.C. Docket No. 0:12-cr-60088-WJZ-2


UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

QUELYORY A. RIGAL,
a.k.a. Kelly,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(February 3, 2016)

Before WILSON, JULIE CARNES, Circuit Judges, and HALL,[*] District Judge.

PER CURIAM:

_____

[*] Honorable James R. Hall, United States District Judge for the Southern District of Georgia, sitting by designation.

Defendant Quelyory Rigal appeals her convictions and resulting sentence for conspiracy, wire fraud and mail fraud, in violation of 18 U.S.C. §§ 1341, 1343, and 1349.  On appeal, Rigal contends that the district court (1) erroneously admitted various pieces of evidence, leading to reversible cumulative error, and (2) erred in calculating actual loss and restitution in arriving at her sentence.  After review of the parties' briefs and having had the benefit of oral argument, we find no reversible error.

First, Rigal argues that a host of errors at trial created a cumulative effect sufficient to preclude a fair trial, which warrants reversal.  An aggregation of nonreversible errors can amount to reversible cumulative error, *see United States v. Hesser*, 800 F.3d 1310, 1329–30 (11th Cir. 2015) (per curiam), but overwhelming evidence of guilt may render cumulative error harmless, *see United States v. Baker*, 432 F.3d 1189, 1225 (11th Cir. 2005), *abrogated on other grounds by Davis v. Washington*, 547 U.S. 813, 821, 126 S. Ct. 2266, 2273 (2006).  Rigal asserts the trial judge erroneously allowed into evidence co-defendant Edward Mena's plea colloquy, a stipulated statement of facts in his case, and objections to his Presentence Investigation Report.  Although we are concerned about the admission of these documents, their admission does not warrant reversal of Rigal's convictions in light of the overwhelming evidence of her guilt.

2

Second, Rigal argues that the district court erred in calculating the amount of actual loss and the restitution owed.  We find these arguments lack merit, and the district court committed no reversible error in determining her sentence.

Therefore, we affirm.

**AFFIRMED.**